IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LUIS G. TORRES-RIVERA,<br><br>Defendant. | CRIMINAL NO. 15-481 (PAD) |

MEMORANDUM AND ORDER

Delgado-Hernández, District Judge.

A jury found Luis G. Torres-Rivera guilty of being an unlawful user in possession of a firearm in violation of 18 U.S.C. § 922(g)(3). Before the court is defendant's "Motion for Judgment of Acquittal Pursuant to Rule 29 or New Trial Under Rule 33 of the Fed.R.Crim.P." (Docket No. 75), which the government opposed (Docket No. 80). For the reasons below, the motion is DENIED.

## I.     DISCUSSION

### A.  Fed. R. Crim. P. 29

Pursuant to Rule 29 of the Federal Rules of Criminal Procedure, "[a] defendant may move for a judgment of acquittal, or renew such a motion, within 14 days after a guilty verdict or after the court discharges the jury, whichever is later." Fed. R. Crim. P. 29(c). In addressing a motion under this rule, the court must view "the evidence in the light most flattering to the jury's guilty verdict, [and] assess whether a reasonable factfinder could have concluded that the defendant was guilty beyond a reasonable doubt." U.S. v. Lipscomb, 539 F.3d 32, 40 (1st Cir. 2008). The court does "not assess the credibility of a witness, as that is a role reserved for the jury. Nor [it] need[s] to be convinced that the government succeeded in eliminating every possible theory consistent with the defendant's innocence." United States v. Peña-Santo, 809 F.3d 686, 696 (1st Cir. 2015). "Rather,

[it] must decide whether that evidence, including all plausible inferences drawn therefrom, would allow a rational factfinder to conclude beyond a reasonable doubt that the defendant committed the charged crime, even if that conclusion is not inevitable." United States v. Santos-Soto, 799 F.3d 49, 57 (1st Cir. 2015). "Testimony from even just one witness can support a conviction." United States v. Alejandro-Montañez, 778 F.3d 352, 357 (1st Cir. 2015). Accordingly, the "verdict must stand unless the evidence is so scant that a rational factfinder could not conclude that the government proved all the essential elements of the charged crime beyond a reasonable doubt." Santos-Soto, 799 F.3d at 57.

### B. 18 U.S.C. § 922(g)(3)

Section 922(g)(3) prohibits firearm possession by a person "who is an unlawful user of . . . any controlled substance." 18 U.S.C. § 922(g)(3). In order to secure a conviction for this offense, the government must prove beyond a reasonable doubt that (1) defendant is an unlawful user or addicted to any controlled substance as defined in 21 U.S.C. § 802 (which includes marihuana); (2) defendant knowingly possessed the firearm or the ammunition described in the Indictment; and (3) the firearm or ammunition are connected with interstate or foreign commerce.

The term "unlawful user" requires "a temporal nexus between the gun possession and regular drug use." United States v. Caparotta, 676 F.3d 213, 216 (1st Cir. 2012). "Thus, an 'unlawful user' is one who engages in '(1) regular use (2) over a long period of time (3) proximate or contemporaneous with the possession of the firearm.'" Id. (citing United States v. Marceau, 554 F.3d 24, 30 (1st Cir. 2009)). Defendant challenges only the "unlawful user" element (Docket No. 75). Hence, this Memorandum will thus focus on whether, viewing the evidence in the light most favorable to the verdict, a reasonable jury could have concluded that the defendant was an unlawful user of a controlled substance. The court finds it could have done so.

### C. **Sufficiency of Evidence**

At trial, the government presented the testimony of Puerto Rico Police Department ("PRPD") agents Manuel Díaz-Rivera and Amarilis Ortiz-Schelmetty. Both agents testified that on July 22, 2015, they were doing preventive patrolling in a marked Puerto Rico police patrol car in the area of Santa Juanita in Bayamón, a high crime area. While patrolling the streets, around 12:20 a.m., they observed a vehicle parked on the sidewalk, and saw "a person whose appearance was not normal, like a user," "unkept" and "unshaven," "trying to open the vehicle on the driver's side through the handle." So the agents decided to approach the person who was trying to open the parked vehicle, who was identified in court by both agents as Mr. Torres-Rivera. Agent Díaz-Rivera further testified that when he approached Mr. Torres-Rivera, the latter started to walk away from the car. Agent Díaz-Rivera asked Mr. Torres-Rivera if the parked car was his, to which he responded in the negative, adding that "he just wanted to close it." Agent Díaz-Rivera then asked Mr. Torres-Rivera whether he had an identification card with him and, when Mr. Torres-Rivera reached into his pocket for his identification card, a clear baggie fell out of his pocket. Based on their experience, due to the way the baggie was sealed and its dark shavings, both agents thought the baggie contained marihuana. Test performed later confirmed it was indeed marihuana. When the agents tried to put Mr. Torres-Rivera under arrest, Mr. Torres-Rivera "struggle[d] as trying not to get arrested," slipped and fell, and a black Glock model 19 series SGY 779 loaded with fifteen 9 millimeter bullets fell to the floor. Finally, Mr. Torres-Rivera was placed under arrest.

The government also presented the testimony of special agent José Díaz-Narváez from the Department of Homeland Security. Special agent Díaz-Narváez was experienced in interviewing defendants, having interviewed over 200 defendants by the time of the trial. He testified that in July 2015, he received a call from one of his co-workers, stating that the PRPD in Bayamón had a case

involving a firearm and narcotics, and requesting him to conduct interviews of the officers and of Mr. Torres-Rivera, who was in custody, to determine whether the case should be brought to the Federal jurisdiction. Special agent Díaz-Narváez went to the police station to conduct the interviews, along with a co-worker.

According to special agent Díaz-Narváez' trial testimony, after being provided with Miranda warnings, Mr. Rivera-Torres willingly agreed to talk to him. At the beginning of the interview, special agent Díaz-Narváez asked defendant about his biographical information, which defendant was able to provide. Special agent Díaz-Narváez described defendant's responses as "very clear." He said defendant did not appear to be under the influence of any type of substance, and was not threatened or promised anything. He further testified that during the interview, defendant told him that on the night before, while walking on foot, he came across a firearm and a baggie of marihuana that was left on the sidewalk near some trash cans, that he took both, placed them on his waist, and kept walking. Afterwards, while he was next to a parked car, he was stopped by police officers and, when he tried to retrieve something from his pocket, the marihuana baggie fell to the floor. When the police officers were going to put him under arrest, he started walking backwards in order to avoid the arrest and ended up slipping and falling to the ground, which caused the firearm to come out of his waistband and be exposed. He was then arrested. Special agent Díaz-Narváez additionally testified that Mr. Torres-Rivera admitted to him that he was a marihuana user, that he had been using marihuana "in and out" for the last nine years and since he was fifteen years old, that "he had been smoking marihuana straight up for the past four years, and he does it on a weekly basis, sometimes one or two days, depending on how frequent he can get it."

In addition, the government presented the testimony of Ambar Rivera-Camacho, who worked as a forensic chemist for Custom and Border Protection. She testified that after performing

a field test, a qualitative analysis, and a microscopic analysis, it was concluded that the baggie recovered from the defendant contained marihuana.[1]

Assessing these witnesses' testimony in light most favorable to the jury's verdict, the court finds that there is sufficient evidence on record for the jury to conclude beyond a reasonable doubt that defendant was an unlawful user of a controlled substance, who knowingly possessed a firearm. That is, that at the time of the offense he engaged in regular use of marihuana, and had used it for a long period of time and proximate or contemporaneous with the possession of the firearm.  See, Caparotta, 676 F.3d at 216 (citing Marceau, 554 F.3d at 30).  Thus, the motion for acquittal under Rule 29 must be denied.

### D. Motion for a New Trial

As to a new trial under Rule 33 of the Federal Rules of Criminal Procedure, Mr. Torres-Rivera contends that "there was insufficient evidence presented at trial to sustain [his] conviction" (Docket No. 75 at p. 2).  "Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires."  Fed.R.Crim.P. 33(a).  The defendant may base his motion for a new trial on newly discovered evidence or on other grounds.  See Fed.R.Crim.P. 33(b).

"A new trial is granted sparingly, and only where there would be a miscarriage of justice and where the evidence preponderates heavily against the verdict." United States v. González-Pérez, 778 F.3d 3, 17 (1st Cir. 2015)(citing United States v. Merlino, 592 F.3d 22, 32 (1st Cir.

---

[1]  The government also presented the testimony of special agent José A. Burgos, a firearms expert from the Bureau of Alcohol, Tobacco, Firearms, and Explosives, who testified that he examined the firearm recovered from Mr. Torres-Rivera and concluded that it was made in Austria and imported to the United States through Glock, Inc., which is located in Smyrna, Georgia.  Thus, the firearm "must have traveled the interstate or foreign commerce.  The firearm was traced to a purchase in 2012 "by a Kissimmee resident" in Orlando, Florida.  According to special agent José A. Burgos, the ammunitions were not manufactured in Puerto Rico either.

2010); United States v. Wilkerson, 251 F.3d 273, 278 (1st Cir. 2001)). Here, the court has already determined that the evidence presented at trial supports the guilty verdict. Torres-Rivera has not asserted any other ground in support of his request for a new trial, and the court sees none either. Accordingly, his motion for a new trial must be denied.

## II.   CONCLUSION

In light of the foregoing, defendant's "Motion for Judgment of Acquittal Pursuant to Rule 29 or New Trial Under Rule 33 of the Fed.R.Crim.P." (Docket No. 75) is DENIED.

**SO ORDERED.**

In San Juan, Puerto Rico, this 24th day of May, 2016.

                                                S/Pedro A. Delgado-Hernández
                                                PEDRO A. DELGADO-HERNÁNDEZ
                                                U.S. DISTRICT JUDGE